Argued and submitted August 7, ballot title referred to Attorney General for modification August 30, 2001
Modified ballot title certified September 17, 2001 (332 Or 519, 32 P3d 889)

Lewis MARCUS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48622)

32 P3d 888

Lewis Marcus, *pro se*, argued the cause and filed the petition.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.

LEESON, J.

**LEESON, J.**

This ballot title review proceeding under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 54 (2002). For the reasons explained below, we hold that the ballot title's summary does not comply substantially with the requirements of ORS 250.035(2)(d). We refer the ballot title to the Attorney General for modification. ORS 250.085(8); *Flanagan v. Myers*, 332 Or 318, 323-24, 30 P3d 408 (2001).

The proposed initiative measure would amend Article IV, section 1, of the Oregon Constitution, by permitting registered voters to "sign" initiative, referendum, and recall petitions electronically. As relevant to petitioner's challenge, the proposed measure would add the following text to the constitution:

"(a) For the purposes of this subsection, words 'Electronic Signature' or 'Signature' or 'Sign' means Registered Voter Approval by Electronic Transmission.

"(b) For the purposes of this subsection 'Electronic Transmission' means transmission via computer or other means over the Internet or other computer network to the computer receiving such transmission.

"(c) For the purposes of this subsection, 'Registered Voter Approval' means entry and Electronic Transmission by a registered voter of the information required by paragraph (f) of this subsection."

The Attorney General certified the following ballot title:

"AMENDS CONSTITUTION: ALLOWS REGISTERED VOTERS TO SIGN INITIATIVE, REFERENDUM, AND RECALL PETITIONS BY ELECTRONIC TRANSMISSION OF 'SIGNATURE'

"RESULT OF 'YES' VOTE: 'Yes' vote allows registered voters to sign initiative, referendum, and recall petitions by electronic transmission of 'signature'; continues to allow handwritten signatures.

"RESULT OF 'NO' VOTE: 'No' vote rejects proposal permitting registered voters to sign initiative, referendum, and recall petitions by electronic transmission of 'signature'; retains current law allowing handwritten signatures.

"SUMMARY: Amends Constitution. Current law allows handwritten signatures on initiative, referendum, and recall petitions, but does not provide for 'signing' such petitions by electronic transmission. Measure allows voters to 'sign' petitions by electronic transmission. Electronic transmission means computer transmission, through the internet or other computer network. *'Electronic signature' is not defined,* but must include voter's name and residential address, in substantial conformity with voter registration information. Until government provides each voter a unique identifier, voter also must provide contact information, such as e-mail address, telephone number, which shall not become public record. Election officials must either validate or prove signatures invalid using identifying information provided by petition signer. Legislature shall review electronic-petitioning process, and create new provisions to standardize, but not hinder, process. Other provisions."

(Emphasis added.)

ORS 250.035(2)(d) requires a ballot title for a proposed state measure to include "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." Petitioner challenges only the clause emphasized above in the Attorney General's summary: " 'Electronic signature' is not defined." Petitioner contends that the clause is inaccurate because subsection (a) defines "Electronic Signature." That subsection provides: "For the purposes of this subsection, words 'Electronic Signature' or 'Signature' or 'Sign' means Registered Voter Approval by Electronic Transmission." Subsections (b) and (c), in turn, define the terms "Electronic Transmission" and "Registered Voter Approval." The Attorney General responds that, reading subsections (a), (b), and (c) together, it is unclear how the proposed measure defines the term "Electronic Signature."

The relevant meaning of "define" in this context is "to * * * set forth the meaning of" a word or word group.

*Webster's Third New Int'l Dictionary*, 592 (unabridged ed 1993). The proposed measure explains that, for purposes of the measure, "Electronic Signature" means "Registered Voter Approval by Electronic Transmission." The meanings of "Electronic Transmission" and "Registered Voter Approval" appear in subsections (b) and (c) of the proposed measure. That the Attorney General finds the meaning of "Electronic Signature" unclear does not mean that the proposed measure does not define that term. Because the proposed measure sets forth the meaning of "Electronic Signature," the Attorney General's statement that the term lacks a definition is inaccurate and violates the statutory requirement that the summary be an impartial statement summarizing the measure. It follows that the Attorney General's summary does not comply substantially with the requirement of ORS 250.035(2)(d). Under ORS 250.085(8), we refer the ballot title to the Attorney General for modification.

Ballot title referred to the Attorney General for modification.